UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAMS ENRIQUE GIRON-CANAS (1),<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CR-10022 DMS<br><br>**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

Before the Court is Defendant Williams Enrique Giron-Canas' Motion for Compassionate Release. Plaintiff United States of America filed a response and Defendant filed a reply. For the following reasons, Defendant's motion is denied.

**I.**

**BACKGROUND**

On February 27, 2020, the Court entered Judgment and sentenced Defendant Williams Enrique Giron-Canas ("Defendant") for violating his term of supervised release. (Judgment, ECF No. 11.) Defendant was previously subject to a term of supervised release for illegal entry into the United States. (*Id.*) The Court sentenced Defendant to six months and one day for the violation, to be served consecutively to the six months Defendant

received in his misdemeanor case. (*Id.*; *see also* No. 19-CR-4816, ECF No. 20 (sentencing Defendant to six months for Improper Attempted Entry by an Alien, in violation of 8 U.S.C. § 1325.)) The Court did not impose further supervised release. (*Id.*)

Defendant has been in continuous federal custody since his arrest on October 29, 2019, and is currently scheduled to be released on September 5, 2020. (Def's Mot., ECF No. 12, at 4.) He is currently housed at CoreCivic's Otay Mesa Detention Facility ("OMDC"), where there were approximately 273 confirmed Covid-19 cases and one death at the time he filed his motion. (*Id.* at 3–4.) OMDC is the source of the largest Covid-19 outbreak in San Diego County. (*Id.* at 11.) Defendant currently suffers from asthma and intermittent lung pain. (*Id.* at 4.) On April 16, 2020, Defendant was diagnosed with "Mild intermittent asthma, uncomplicated" by a medical provider at OMDC. (Ex. B. to Mot., at 3.) Defendant was also prescribed an albuterol inhaler at that time. (*Id.*) The Centers for Disease Control and Prevention ("CDC") identify moderate-to-severe asthma as a disease that might increase a person's risk for developing serious illness from Covid-19. *See People at Increased Risk of Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Because of his vulnerability to Covid-19, Defendant now moves the Court to modify his sentence to time-served. The Government opposes Defendant's motion.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).

Here, counsel requested compassionate release on behalf of Defendant from the warden of OMDC on May 11, 2020. On May 14, 2020, counsel received an email from the BOP explaining it received the correspondence but would not address the motion because Defendant was not in BOP custody. (Mot. at 7.) Accordingly, thirty days have elapsed since the warden of Defendant's facility received the request. *See* 18 U.S.C. § 3582(c)(1)(A). The United States does not dispute that Defendant has exhausted his administrative remedies. Accordingly, the Court may address the motion on its merits.

1. Extraordinary and Compelling Reasons

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]" *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13. Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Defendant argues his medical conditions present extraordinary and compelling reasons for sentence modification. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers

from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I). Defendant argues he is eligible for compassionate release because his underlying asthma and intermittent lung pain render him vulnerable to developing a serious illness from Covid-19—a virus that is indisputably spreading throughout the country. (Mot. at 12–13.) As such, Defendant contends his underlying medical conditions, if coupled with a Covid-19 diagnosis, would substantially diminish his ability to provide self-care while incarcerated. (*Id.*) (citing § 1B1.13 cmt. n.1(A)(ii)).

Defendant also argues the Department of Justice issued internal guidance recently directing the Government to concede that any defendant who presents any of the CDC's identified high-risk factors during the pandemic can establish "extraordinary and compelling reasons." (Mot. at 14) (citing *Wise v. United States*, 2020 WL 2614816, at *7 (D. Md. May 22, 2020)) ("[J]ust last week, the Department of Justice adopted the position that any inmate who suffers from the chronic conditions associated with severe illness from COVID-19 are eligible for compassionate release.") Here, however, the Government contends Defendant has not demonstrated extraordinary and compelling reasons because Defendant's asthma is not severe enough to qualify as a serious risk factor under the CDC guidelines. (Opp'n at 9.)

Nevertheless, Defendant urges the Court to follow the example of other cases wherein district courts have granted motions for compassionate release for defendants with asthma. (*See generally* Mot. at 14–16 (listing cases); Reply Br. at 6–7 (same).) But Defendant acknowledges that most of these cases involve defendants with more than one risk factor, and only one case involved a defendant who suffered from asthma alone. *See* Mot. at 16) (citing *United States v. Norris*, No. 3:18-cr-243, No. 37 (D. Conn. Apr. 16, 2020)). Although Defendant notes he also suffers from "intermittent lung pain," (Mot. at 16), the Government contends Defendant failed to meet his burden to demonstrate his mild

asthma and intermittent lung pain demonstrate extraordinary and compelling circumstances.

The Government contends Defendant's mild asthma and intermittent lung pain are not extraordinary and compelling circumstances because he has received adequate medical care in custody, and neither of his ailments is identified as a risk factor by the CDC. (Opp'n at 10.) Indeed, this Court has previously held that a defendant with asthma must be diagnosed with moderate-to-severe asthma to demonstrate extraordinary and compelling circumstances under U.S.S.G § 1B1.13, cmt n.1(A)(i)(I) because the CDC has not identified mild asthma as a risk factor. *See United States v. Beckford*, No. 18-cr-533-DMS-1, ECF No. 54, at *6 (S.D. Cal. Jul. 13, 2020) (finding defendant did not demonstrate extraordinary and compelling circumstances when his asthma was diagnosed as mild and he received proper treatment in BOP custody). Here, none of Defendant's evidence shows his asthma is moderate or severe. Moreover, the evidence shows he has received proper treatment while in custody, unlike others who have been released due to their asthma. *See, e.g.*, *United States v. Tran*, CR 08-0197-DOC, 2020 WL 1820520, at *1 (C.D. Cal. Apr. 10, 2020) (granting motion for compassionate release for defendant who had severe asthma and had not received an inhaler from BOP in two weeks). Accordingly, Defendant fails to show his asthma condition, combined with the level of medical treatment he is receiving in custody, "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" during the pandemic. *See* § 1B1.13 cmt. n.1(A)(ii)(I).[1]

/ / /

/ / /

---

[1] Defendant also contends that the Court is "free to interpret for itself what is an 'extraordinary and compelling reason'" because it is "not bound by BOP's policy statements." (Mot. at 7.) The Court declines to do so on the present motion, and instead assesses Defendant's motion within the prescribed scenarios set out in the Commission's policy statement. *See* U.S.S.G § 1B1.13, cmt n.1(A)-(D).

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is respectfully denied.

**IT IS SO ORDERED.**

Dated:  August 13, 2020

Hon. Dana M. Sabraw
United States District Judge